UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

O

Case No. SACV 10-01093     Date: November 8, 2010
Title: JUSTIN SIEMONSMA, ET AL. v. MUTUAL DIVERSIFIED EMPLOYEES FEDERAL CREDIT UNION, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kathy Peterson | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT           NONE PRESENT

PROCEEDING (IN CHAMBERS): Granting Motion to Dismiss with Leave to Amend

    Before the Court is Defendant Mutual Diversified Employees Federal Credit Union ("Credit Union")'s, acting through Liquidating Agent National Credit Union Administration Board ("NCUA"), Motion to Dismiss ("Motion") [7]. The Court has considered the moving and opposing papers and hereby GRANTS Defendant's Motion to Dismiss with Leave to Amend.

    **I.**     **Factual Background**

    Plaintiff Bernadine Bachelor ("Bachelor") is an elderly woman who suffers from Alzeimers Disease. Over a period of years, Bachelor invested money in various accounts at Credit Union through which she established a joint account with her grandson, Plaintiff Justin Siemonsma ("Siemonsma"). Bachelor deposited $10,000 a year into the account for Siemonsma. She also requested that Siemonsma help her in managing her accounts at Credit Union, given her worsening condition. Decl. Siemonsma ¶¶ 3-5.

    According to Plaintiff's Complaint, Defendant Mary Carmen Hartley ("Hartley"), the only employee of Credit Union, exploited her relationship with Bachelor to close her account and to take the money for Hartley's own personal use. *Id.* at ¶¶ 11, 12. Upon learning that his grandmother's account had reached a $0 balance and demanding that the money he knew should have been in the account be returned, Credit Union's attorney informed Siemonsma that Hartley had indeed embezzled the money from Bachelor. *Id.* 9-11. The Complaint alleges that Hartley and Credit Union stole both Plaintiffs'

money, committed elder abuse and fraud, and are liable for damages.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the Court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994).

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. Discussion

Defendants argue under Federal Rule of Civil Procedure 12(b)(1) that Plaintiffs' Complaint must be dismissed for lack of subject matter jurisdiction. Defendants insist that Plaintiffs have failed to allege subject matter jurisdiction because the Complaint does not allege that Plaintiffs have exhausted their administrative remedies. Motion, at 2. Defendants argue that, under the Federal Credit Union Act, creditors must exhaust administrative remedies prior to filing suit by filing an administrative claim and waiting 180 days for the claim to be denied prior to bringing suit.

Credit Union was placed in liquidation on February 26, 2010 and that NCUA now acts as its liquidating agent. Motion, at 2. Plaintiffs allege that they did not receive actual notice of the liquidation until May 17, 2010. Plaintiffs' Opposition ("Opposition") at 4-5. Plaintiffs argue that Credit Union, acting through NCUA, failed to comply with statutory requirements that it "promptly publish a notice to the credit union's creditors to present their claims, together with proof, to the liquidating agent by a date specified in the notice which shall be not less than 90 days after the publication of such notice . . . ." 12 U.S.C. § 1787(b)(3)(B)(i).

According to Plaintiffs, this delay in notifying them of the liquidation resulted in prejudice to them; Plaintiffs allege that they filed a claim with the NCUA on June 4, 2010, Decl. Ramsey ¶ 9, but that the NCUA denied receipt of the claim until October 3, 2010. They concede that they have not yet exhausted the time limit for a response from the NCUA. Opposition, at 8. Plaintiffs argue that NCUA's denial of receiving their claim for several months and NCUA's refusal to turn over records necessary for account reconstruction reveal a bias against Plaintiffs that would make their

administrative claim futile. Opposition, 6-7.

Plaintiffs argue that as a result of this futility, they were therefore not required to exhaust their administrative remedies before filing suit. Plaintiffs explain that there are exceptions to the requirement that administrative remedies be exhausted, including when there is such bias in the agency that the outcome is predetermined. *See, e.g.*, *Honig v. Doe*, 484 U.S. 305, 327 (1988) ("[A]s we have previously noted, [plaintiffs] may bypass the administrative process where exhaustion would be futile or inadequate."). Though Plaintiffs' Opposition minimally developed these justifications, Plaintiffs' Complaint failed to allege specifically that there are sufficient justifications for failing to exhaust. For the purposes of deciding this Motion, then, the Court declines to consider this allegation. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.1984) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

Given that Plaintiffs concede in their Opposition that the 180-period in which the NCUA must reply has not yet occurred, the Court finds that Plaintiffs should have included in their Complaint sufficient justification for the failure to exhaust, or, alternatively, must wait until their administrative claim has been exhausted before going forward with the present suit.

### IV.   Disposition

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED WITH LEAVE TO AMEND by December 20, 2010.

The Clerk shall serve this minute order on all parties to the action.